Charles E. Wetzler Prairie Village City Attorney Lathrop Gage Law Offices Suite 1050, Building 40 9401 Indian Creek Parkway Overland Park, Kansas 66210-2007
Dear Mr. Wetzler:
You seek this office's opinion relating to application of the Kansas Open Meetings Act (KOMA) to the presence of a majority of a quorum of City Council members at a non-City Council meeting.
The meeting about which you inquire was an administrative hearing concerning maintenance issues not resolved through informal contacts between the Code Enforcement Officer and property owners. Orders issued at the hearing would ultimately be appealed to the City Council. Attendance by a majority of a quorum of members was by chance; attendance was not discussed by the members. They went merely to observe and be informed. The Assistant City Attorney acting as presiding officer suggested that one of the council members leave because of potential violation of the KOMA. After the meeting a number of citizens questioned the remaining council members concerning policies on code enforcement.
Two questions arise:
 1: Would it be a violation of the KOMA for a majority of a quorum of City Council members to sit and listen without commenting?
 2: Would it be a violation of the KOMA if City Council members engaged in the discussion at the code enforcement hearing, assuming a majority of a quorum was present and assuming that notice of a City Council meeting had been given?
The KOMA defines a meeting as
 "any gathering, assembly, telephone call or any other means of interactive communication by a majority of a quorum of the membership of a body or agency subject to this act for the purpose of discussing the business or affairs of the body or agency."[1]
The Kansas Supreme Court, in discussing an earlier version of this statute, has suggested that the presence of a majority of a quorum and the discussion of business or affairs of the body or agency are separate elements, both of which must be met before there is a meeting for purposes of the KOMA.[2] Attorney General opinions have consistently interpreted the KOMA accordingly.[3]
This still leaves the narrower question of who must be doing the discussing to trigger the KOMA, i.e., whether the members must participate in the discussion to trigger the KOMA. The KOMA only describes and regulates actions of the actual members of a public body or agency. Only the members' actions can violate the Act.[4] We believe that this leads to the conclusion that the members must engage in a discussion of the business and affairs of the body or agency to trigger the KOMA. Moreover, the purpose of KOMA is that the "conduct of governmental affairs and the transaction of governmental business be open to the public."[5] To say that the KOMA is triggered when the members are mere observers would not promote that purpose.
We believe it is only if the members of the City Council participate in a discussion of the business of the city (code enforcement) that the KOMA would be triggered. Having said this, however, the concern of the Assistant City Attorney was not unwarranted. By attending a meeting in which there was going to be a discussion of code enforcement, without giving KOMA notice, the members placed themselves in a difficult situation. Without deciding exactly when they would cross the line to a "discussion," it would doubtless be difficult for an elected official to sit without comment if a member of the public addressed a question to the official. The members stood at the top of a very steep slippery slope with a KOMA violation at the bottom.
We would also add that members of a public body or agency subject to KOMA are not free to attend other meetings, without speaking, as a way to avoid the KOMA's requirements. For instance, this opinion is not intended to justify a public agency or body subject to KOMA recessing a public meeting, going into another room to listen to a presentation by a third party, and then resuming the public meeting.[6]
In short, it is not a violation of the KOMA for a majority of a quorum of members of a public body or agency, without giving KOMA notice, to attend a meeting concerning city business so long as the members do not engage in the discussion. The members do violate the KOMA under these facts if they engage in the discussion.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm
[1] K.S.A. 75-4317a.
[2] Murray v. Palmgren, 231 Kan. 524, 537 (1982). (At the time, K.S.A.75-4317a contained the additional requirement that the meeting be prearranged.)
[3] Attorney General Opinions No. 98-26; 98-49; 87-45.
[4] See K.S.A. 75-4320.
[5] K.S.A. 75-4317(a).
[6] See K.S.A. 75-4317(b) ("It is declared hereby to be against the public policy of this state for any such meeting to be adjourned to another time or place in order to subvert the policy of open public meetings as pronounced in subsection (a).")